UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HORTON,<br><br>        Plaintiff,<br><br>   v.<br><br>MOLINA,<br><br>        Defendant. | Case No. 17-cv-01915-JSC<br><br>**ORDER FOLLOWING PRETRIAL CONFERENCE** |

The Plaintiff, Mr. Horton, asserts that the Defendant, Officer Molina, violated his Eighth Amendment right to not be subjected to excessive force. Mr. Horton alleges that on September 3, 2015, while he was incarcerated at Salinas Valley State Prison ("SVSP"), Officer Molina used excessive force while handcuffing Mr. Horton, breaking Mr. Horton's elbow. Mr. Horton also claims that on that same day, while escorting Mr. Horton back to his cell, Officer Molina struck Mr. Horton's head against a cell window, causing a laceration to Mr. Horton's head. Mr. Horton seeks monetary damages against Officer Molina as a result of these incidents. Mr. Horton has the burden of proving these claims. Officer Molina denies Mr. Horton's claims. (*See* Dkt. No. 142 at 5.) The Court conducted a pretrial conference on October 19, 2022. After carefully reviewing the parties' briefing and having had the benefit of oral argument, the Court rules as follows and as stated at the pretrial conference.

I.     **MOTIONS IN LIMINE**

    A.     **Defendant's Motions**

        1.     **Motion re: Indemnification (Dkt. No. 140.)**

Defendant's motion to exclude evidence that the CDCR will indemnify Defendant for any potential damages in this matter is GRANTED. Under Federal Rule of Evidence 411, evidence

that a person was or was not insured is not admissible to prove whether the person acted negligently or otherwise wrongfully; *see also Larez v. Holcomb*, 16 F.3d 1513, 1520 (9th Cir. 1994) (holding that district court erred by instructing the jury that the city would likely pay any compensatory damages award). Plaintiff's insistence that evidence of indemnification is relevant to bias is unpersuasive. The probative value, if any, of such evidence is far outweighed by its prejudicial value. *See* Fed. R. Evid. 403.

### 2. Plaintiff's Reference to History of Abuse (Dkt. No. 127)

Defendant's motion to exclude Plaintiff from offering testimony as to his history of abuse is DENIED. Federal Rule of Civil Procedure 403 excludes evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "[U]nfair prejudice means [an] undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *U.S. v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).

"The eggshell skull doctrine, i.e. the defendant takes his victim as he finds him, is a recognized theory in § 1983 cases." *Caruso v. Solorio*, 2021 WL 22498, at *26 (E.D. Cal. Jan. 4, 2021) (collecting cases). Plaintiff can testify that he was physically abused in the past, that the incident at issue was similar to that abuse, and that the incident brought back trauma and mental distress or made him susceptible to such trauma. However, "extensive and graphic" testimony may create a risk of prejudice. Plaintiff should limit the detail to only such facts as are necessary to make the susceptibility point. *See id*.

As stipulated at the pretrial conference, Plaintiff may discuss his history of depression and past instances of self-harm. However, Plaintiff should avoid citing other specific medical diagnoses, such as post-traumatic stress disorder, which would be based in hearsay.

### B. Plaintiff's Motions in Limine

#### 1. Evidence of Prior Convictions (Dkt. No. 146)

Plaintiff's motion to exclude evidence of prior convictions—including Exhibits 104, 105, 106, and 107 (Plaintiff's prior judgments of conviction) —is GRANTED. It is undisputed that

1  Defendant was unaware of Plaintiff's criminal history or past disciplinary history at the time of the
2  incident.  Thus, the evidence is not relevant and prejudicial and must be excluded.  If Defendant
3  believes that Plaintiff has opened the door to such evidence at trial, Defendant should raise the
4  issue with the Court outside the jury's presence before attempting to offer evidence of prior
5  convictions.

### 2. Evidence of Plaintiff's Disciplinary History (Dkt. No. 147)

Plaintiff's objection to evidence concerning his disciplinary history as a prisoner at SVSP is GRANTED for the same reasons as his objection to admission of his prior convictions under the conditions proposed by Defendant.  Unless Plaintiff opens the door (and the Court rules that he has done so), Defendant should not reference Plaintiff's disciplinary history before or after the event at issue.  Defendant shall not elicit testimony regarding a "fight" or "restraints" that may have caused the 2017 injury, but Defendant may discuss the fact that Plaintiff suffered a subsequent injury.

### 3. Exclude Evidence of CDCR's Investigation into Allegations (Dkt. No. 148)

Plaintiff's motion to exclude evidence of the CDCR's investigation into Plaintiff's excessive force complaint arising out of the incident is GRANTED in part.  The CDCR's conclusion that no excessive force was used is inadmissible hearsay.  However, Defendant may use Plaintiff's videotaped statement as it is admissible non-hearsay as a statement of a party opponent.  Plaintiff may similarly use statements made by Defendant.  At the pretrial conference, the parties agreed to file supplemental briefs as to some investigatory documents.  Defendant has filed his brief.  The Court will consider the parties' arguments after Plaintiff responds.

## C. *Daubert* Motions

Defendant moves to exclude Plaintiff's use of force expert Bradford Hansen and Plaintiff moves to exclude Defendant's use of force expert Defoe.

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an

>opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Trial courts serve a "gatekeeping" role "to ensure the reliability and relevancy of expert testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). "*Kumho Tire* heavily emphasizes that judges are entitled to broad discretion when discharging their gatekeeping function." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004). A trial court has broad latitude in "determining whether an expert's testimony is reliable" and "deciding how to determine the testimony's reliability." *Id.*

Rule 702 should be applied with a "liberal thrust" favoring admission, but it requires that "[e]xpert testimony . . . be both relevant and reliable." *Messick v. Novartis Pharm. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (citation omitted). If the expert fails to "employ[ ] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field," her testimony must be excluded. *Kumho*, 526 U.S. at 152.

Trial courts should "not exclude opinions merely because they are impeachable." *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014) (citation omitted). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010). The proponent of the expert testimony has the burden of proving admissibility. *Lust By & Through Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

**1.     No Expert may Testify to What the Facts are.**

Both parties complain that the other party's expert testifies as to what the facts are, as opposed to giving an opinion on a hypothetical set of facts. Neither expert may testify that the evidence that fact X or fact Y is true; instead, each expert may assume certain facts are true while making it clear they are not giving an opinion on whether those facts are true. This means that each expert should not be citing to or reciting the evidentiary record.

**2.     Ultimate Issue Testimony**

4

Neither expert may opine as to the ultimate issue—whether Defendant's conduct here violated Plaintiff's rights under the Eighth Amendment. While both experts may use specialized terms such as "excessive force," "reasonable force," or "necessary force," experts should tether those terms to specific CDCR or SVSP regulations, and not the jury instruction standard.

### 3. Hansen

Plaintiff's expert is Bradford Hansen, a former warden and corrections officer trainer. (Dkt. No. 139-5 at 3–5.) Hansen's testimony covers both "use of force" opinions, (Dkt. No. 139-5 ¶¶ 44– 60), and opinions on the conditions and culture at SVSP, (*id.* ¶¶ 61–87).

As to "use of force," Hansen may explain regulations, best practices, and his experience in corrections. (*See id.* ¶¶ 45–51.) And he may opine, based on assumed facts, as to whether a particular practice differs from regulations or best-practices based on his experience. (*See, e.g., id.* ¶ 53 ("if Mr. Horton resisted [in a particular manner], Officer Molina could have stepped back and had another officer step in . . . as CDCR use of force policy requires"; "if Mr. Horton was upset and using obscenities with officers, such conduct does not justify the use of force under applicable policy…")). And, based on his experience, he may opine that he "cannot recall any occasion in which a corrections officer broke an inmate's elbow in the process of placing the inmate in restraints." (*Id.* ¶ 54.) But, as discussed above and at the pretrial conference, Hansen may not testify as to the facts of what occurred on September 3, 2015. (*Id.* ¶ 59 ("Officer Molina deliberately sought to escalate the situation to create a physical confrontation with Mr. Horton."))

Hansen's opinions as to the conditions and culture at SVSP are excluded. (*Id.* ¶¶ 61–87.) Any connection between SVSP's culture and Officer Molina's subjective intent on September 3, 2015, is too remote to allow such testimony. As there is no *Monell* claim here, any probative value in that testimony is far outweighed by the danger of "confusing the issues" or misleading the jury. Fed. R. Evid. 403.

### 4. Defoe

#### a. Defoe's Qualifications

Defendant's expert, Scott Defoe, is a former police officer and deputy sheriff. (Dkt. No. 152-4 at 26.) Defoe worked for the Los Angeles Police Department ("LAPD") from 1989 until

5

2010. (*Id.* at 28–29.) He served in various roles including patrol officer, detective, and SWAT supervisor. (*Id.*) From 2010 until 2016, he served as a Reserve Police Officer with the LAPD. (*Id.* at 28.) During that period, Defoe spent approximately 10 months working as a Deputy Sheriff at Riverside County's Robert Presley Detention Center—a county jail. (*Id.* at 27.) He took a "Riverside Sheriff's Department Jail Operations Course," which included "Title XV" training for correctional officers. (*Id.* at 31.) And Defoe oversaw detainee holding areas during his time as a police officer. (Dkt. No. 149-1 at 3.)

Plaintiff challenges that Defoe's extensive expertise in law enforcement does not translate to expertise in corrections. Specifically, Plaintiff argues that correctional officers use force differently from police officers because prisons—unlike the public forum generally—are heavily controlled settings. *See Petrolino v. County of Spokane*, 2009 WL 10690383 (E.D. Wash. Aug. 14, 2009) (finding a police chief not qualified to speak as to correctional matters).

The Court disagrees. Defendant's expert has vast experience regarding use of force. And unlike the police chief expert in *Petrolino v. County of Spokane*, Defoe has some specialized correctional experience and has received some correctional training. *Id.* That experience is sufficient. *See* Fed. R. Evid. 702. While Defendant concedes Defoe's experience is not as extensive as Plaintiff's expert, that issue goes to weight rather than admissibility.

### b. Defoe's Testimony

Defoe may testify regarding his knowledge of best practices, including de-escalation tactics (Dkt. No. 152-4 at 8–1), CDCR regulations (*id.* ¶ 11–12), and use of force techniques, (*id.* at 13). And using assumed facts, Defoe may apply his experience to particular hypothetical scenarios. (*Id.*) But, as with Hansen, Defoe may not testify as to the factual events of September 3, 2015. (*See*, *e.g.*, *id.* at 19 ("[B]ased on my testimony there is no evidence that Correctional Officer J. Molina, and or Correctional Officer R. Perez slammed Inmate Michael Horton's face into the wall adjacent to his cell.") Nor may Defoe opine on Officer Molina's training at CDCR. (*Id.* at 19 ("Opinion 4").)

## II. Scheduling

Jury trial commences on October 24, 2022. The parties and the Court expect to give the

case to the jury for their deliberations on October 27, 2022. Opening statements will be made on the first day of trial. Plaintiff shall be prepared to call his first witness(es). The trial day will go from 8:30 a.m. to approximately 4:00 p.m. Counsel shall be in the courtroom beginning at 8:00 a.m. each trial day to address any matters that arise.

### III. Time Limits

Each party has 7.5 hours for direct and cross-examination. Opening statements may not exceed 30 minutes each side.

**IT IS SO ORDERED.**

This Order disposes of Dkt. Nos. 125, 126, 127, 139, 140, 146, 147, 148, 149, 150

Dated: October 21, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

7